UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT W. MARRERO,

                Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CITIGROUP
MORTGAGE LOAN TRUST INC., ASSET-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-HE3;
CITIBANK N.A.; SPECIALIZED LOAN
SERVICES, acting as servicer for owner and
any persons or entities found to have an
interest in the property subject to this action
but not yet named herein but are named in the
Pooling and Servicing Agreement; and
MERSCORP, INC.,

                Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

21 CV 11182 (VB)

Briccetti, J.:

      Plaintiff Robert W. Marrero, proceeding pro se, brings this action against defendants Citigroup Mortgage Loan Trust, Inc. 2006-HE3, Asset-Backed Pass-Through Certificates Series 2006-HE3, U.S. Bank National Association, as Trustee (s/h/a U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2006-HE3) ("U.S. Bank"); Citibank, N.A. ("Citibank"); Specialized Loan Servicing LLC (s/h/a Specialized Loan Services) ("SLS"); and Mortgage Electronic Registration Systems, Inc. (s/h/a Merscorp, Inc.) ("MERS"), alleging a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), as well as state law claims.

      Now pending is plaintiff's motion to remand this case to Supreme Court, Rockland County, where it was originally commenced. (Doc. #8).

      For the following reasons, the motion is DENIED.

**DISCUSSION**

"On a motion to remand for lack of subject matter jurisdiction, courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." Romero v. DHL Express (U.S.A), Inc., 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016).[1]

On November 8, 2021, plaintiff commenced this action in Supreme Court, Rockland County. (Doc. #1-1 ("Compl.")). Plaintiff brought eleven causes of action related to a foreclosure action previously filed against plaintiff. On December 30, 2021, SLS filed a notice of removal, whereby the case was removed to this Court. (Doc. #1 ("Notice of Removal")). On January 5, 2022, plaintiff filed a letter-motion (Doc. #8 ("Pl. Mot.")), which the Court construed as a motion to remand to state court. (Doc. #9). In his letter-motion, plaintiff argues the case should be remanded because this Court lacks subject matter jurisdiction, the removal was procedurally deficient, and defendants are in default.

I.   Standard of Review

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), such as an action "arising under the Constitution, laws, or treaties of the United States." Id. § 1331.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Hum. Affs. Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu–Rob Enters., Inc., 932 F.2d 1043, 1045–46 (2d Cir. 1991)).  "[T]he party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met." Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006).

II.   Subject Matter Jurisdiction

Plaintiff first argues SLS incorrectly removed the case from state court on the basis that plaintiff brought a Fair Credit Reporting Act ("FCRA") claim, when plaintiff actually brought a claim pursuant to the FDCPA.  In other words, plaintiff appears to argue the Court lacks subject matter jurisdiction over this case.

The Court disagrees.

Plaintiff's First Cause of Action is entitled "Fair Debt Collection Practices Act ('FDCPA') Violations."  (Compl. at ECF 11).[2]  However, in that cause of action, plaintiff specifically alleges violations of 15 U.S.C. §§ 1681e, 1681i, each a provision of the FCRA, not the FDCPA.  Id.  Indeed, the FCRA is codified at 15 U.S.C. § 1681 et seq. whereas the FDCPA is codified at 15 U.S.C. § 1692 et seq.  The allegations of plaintiff's first cause of action nowhere reference 15 U.S.C. § 1692.  Furthermore, the first cause of action references defendants' failure to correct credit reports, which suggests the cause of action is actually brought as a violation of the FCRA, not the FDCPA.

Most importantly, however, regardless of whether plaintiff is bringing an FDCPA or an FCRA claim, both types of claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Thus, the Court has subject matter jurisdiction over the First Cause

---

[2]   "ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

3

of Action.  It further has supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(a).

Accordingly, plaintiff's motion to remand on the basis that the Court does not have subject matter jurisdiction must be denied.[3]

III.    Procedural Requirements

Plaintiff next argues defense counsel "failed to follow procedural rule for motion practice in Supreme Court by failing to Request Judicial Intervention and serving defective notice papers."  (Pl. Mot. at ECF 1).  According to plaintiff, "defendants filed a motion in the Southern District Court without ever filing for such relief in the Supreme Court."  (Id.).

Plaintiff misapprehends the removal procedure.

The federal removal statute does not require a defendant to make any sort of motion or seek any sort of relief, in either state court or federal court, prior to removing the action to federal court.  See generally 28 U.S.C § 1446.  Rather, "[r]emoval is effected by the defendant taking three procedural steps:  filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties."  Kenmore Assocs., L.P. v. Burke, 367 F. App'x 168, 169 (2d Cir. 2010) (summary order).

Here, SLS complied with each of these procedural steps.  On December 30, 2021, it filed a timely notice of removal in this Court (Doc. #1); it sent by overnight mail a copy of the notice of removal to the state court, which was filed in the state court on January 6, 2022 (Doc. #11-2); and it served the notice of removal on plaintiff (Doc. #11-1).

---

[3]    Because the Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1367(a), the Court need not address whether it also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, plaintiff's motion to remand on the basis that SLS did not comply with the relevant procedural requirements must be denied.

IV.     Default

Finally, plaintiff argues defendants are in default for failing to file a timely answer.

Plaintiff is not correct.

Appended to the pending letter-motion is an affidavit of service of the summons and complaint on SLS on December 1, 2021, in New Castle County, Delaware. (Pl. Mot. at ECF 3; Notice of Removal ¶ 4).[4] Also attached to the letter-motion is an affidavit of service of the summons and complaint in the underlying state court action (Index No. SU-2021-000799) on defendant U.S. Bank on December 2, 2021, in Suffolk County, Massachusetts. (Pl. Mot. at ECF 4). Plaintiff has not provided affidavits of service on the other two defendants in this action.

Thus, SLS had until December 31, 2021, and U.S. Bank had until January 3, 2022, to serve an answer or a notice of appearance or to make a pre-answer motion. See N.Y. C.P.L.R. 320(a); 3012(c). SLS timely removed this case to federal court on December 30, 2021, prior to both SLS and U.S. Bank's deadline to respond to the complaint in state court. Following removal, defendants' deadline to answer the complaint or make a pre-answer motion was extended to January 6, 2022, seven days after the notice of removal was filed. See Fed. R. Civ. P. 81(c)(2)(C). On January 5, 2022, defendants timely requested an extension of time to answer, move, or otherwise respond to the complaint until and including February 7, 2022, which this Court granted. (Docs. ##7, 9). On February 7, 2022, defendants timely moved to dismiss the complaint. (Doc. #13).

---

[4]     Although this affidavit of service does not appear to be associated with Index No. SU-2021-000799, which is the case number assigned to the underlying state court action, SLS maintains this affidavit of service properly served the summons and complaint on it. (Notice of Removal ¶ 4; Doc. #11 at ECF 1).

Accordingly, plaintiff's motion to remand on the basis that defendants defaulted in this action must be denied.

## CONCLUSION

Plaintiff's motion to remand this case to Supreme Court, Rockland County, is DENIED.

Defendants' pending motion to dismiss will be decided in due course. Plaintiff shall have until **March 11, 2022**, to file an opposition to the motion to dismiss or seek an extension of time to do so. Defendants shall have until **March 25, 2022**, to file a reply.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.[5]

Dated: February 22, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[5] Plaintiff is encouraged to consult the "Representing Yourself in Federal Court (Pro Se)" page on the Court's website (https://www.nysd.uscourts.gov/prose#), for information regarding, among other things, electronic filing and receipt of documents in this case.