UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT W. MARRERO,                                    :
               Plaintiff,                      :
                                           :
v.                                                    :
                                           :
U.S. BANK NATIONAL ASSOCIATION, as                    :
Trustee for Citigroup Mortgage Loan Trust Inc.,       :
Asset-Backed Passthrough Certificates, Series         :          **OPINION AND ORDER**
2006-HE3; CITIGROUP MORTGAGE LOAN                     :
TRUST INC.; CITIBANK, N.A.;                           :          21 CV 11182 (VB)
SPECIALIZED LOAN SERVICES, acting as                  :
servicer for owner and any persons or entities        :
found to have an interest in the property subject     :
to this action but not yet named herein but are       :
named in the Pooling and Service Agreement;           :
and MERSCORP, INC.,                                   :
               Defendants.                      :
----------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Robert W. Marrero, proceeding pro se, brings this action against defendants U.S.

Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Asset-Backed

Passthrough Certificates, Series 2006-HE3; Citigroup Mortgage Loan Trust Inc.; Citibank, N.A.;

Specialized Loan Services LLC, sued herein as Specialized Loan Services; and Mortgage

Electronic Registration Systems, Inc., sued herein as MERSCORP, Inc. ("MERS").  Plaintiff

seeks to quiet title to property he owns in Spring Valley, New York, and alleges a variety of

federal and state-law claims against U.S. Bank, which attempted to foreclose on the property in

state court, as well as several other entities plaintiff believes have fraudulently asserted a claim to

his property.

       Now pending is defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1)

and 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. #14).

For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Plaintiff owns a home at 71 S. Madison Street in Spring Valley (the "Property"). (Doc. #1-1 ("Compl.") ¶ 8). He purchased the Property on October 6, 2006, financed by a mortgage obtained from New Century Mortgage Corporation. (Id. app. at 1).

On January 15, 2008, U.S. Bank commenced foreclosure proceedings against the Property in Supreme Court, Rockland County. (Compl. app. at 2). U.S. Bank contended it had standing to foreclose because it held the mortgage note, which was endorsed in blank, and that it mailed a notice of default to plaintiff before commencing the action as required by the mortgage. (See id. app. at 4).

On May 5, 2021, after more than thirteen years of litigation, including a referral to a referee for trial, the state court denied U.S. Bank's motion for summary judgment and dismissed the foreclosure action. (Compl. app. at 5–6). Specifically, the court adopted the referee's finding that U.S. Bank did not establish it possessed the mortgage note when it commenced the foreclosure proceeding, and thus lacked standing to foreclose. (Id. app. at 4; see Doc. #16-5, at 11–14). Further, the court adopted the referee's finding that U.S. Bank did not establish it mailed the contractually required notice of default before commencing the proceeding. (Compl. app. at 4–5; see Doc. #16-5, at 16–17).

On November 8, 2021, plaintiff commenced the instant case in Supreme Court, Rockland County. Plaintiff styles his complaint as asserting eleven causes of action. Generally, plaintiff asserts: (i) violations of the Fair Credit Reporting Act ("FCRA") (First Cause of Action);[1] (ii) a

---

[1]    Although plaintiff states he asserts claims pursuant to the Fair Debt Collection Practices Act, he cites to FCRA provisions only and makes allegations concerning his credit reports and defendants' failure to investigate entries on his credit report. (Compl. ¶¶ 23–25).

2

claim that defendants recorded an interest in the Property "through fraudulent conveyances" (Second Cause of Action); (iii) a claim to quiet title pursuant to Article 15 of the New York Real Property Actions and Proceedings Law (Third Cause of Action); (iv) a claim that defendants recorded an interest in the Property through "fraudulent assignments and other illegal transfers" (Fourth Cause of Action); (v) a claim to vacate any notices of pendency filed against the Property (Fifth Cause of Action); (vi) another claim to quiet title (Sixth Cause of Action); (vii) a claim that any new foreclosure action brought by defendants would be barred by New York C.P.L.R. § 205 (Seventh Cause of Action); (viii) a claim that any new foreclosure action would be barred by the statute of limitations (Eighth Cause of Action); (ix) a claim that "MERS failed to adequately oversee its members and certifying officers to ensure that its rules were followed and that foreclosures were not improperly brought in [its] name" (Ninth Cause of Action); (x) a claim that defendants committed "negligent infliction of emotional distress" and "intentional infliction of emotional distress" (Tenth Cause of Action); and (xi) a claim for attorneys' fees and costs arising from the initial foreclosure action (Eleventh Cause of Action).  (Compl. ¶¶ 27, 31, 43, 52–53).

Defendants removed the case to this Court on December 30, 2021, and plaintiff moved to remand the case to state court on January 5, 2022.  (Doc. #8).  On February 7, 2022, defendants filed the instant motion to dismiss.  By Memorandum Opinion and Order dated February 22, 2022, the Court denied plaintiff's motion to remand.  (Doc. #18).  A scheduling order has not been entered.  See Fed. R. Civ. P. 16(b)(1).

On December 3, 2021, after plaintiff commenced this action, U.S. Bank commenced a new foreclosure action in state court (the "Second Foreclosure Action") against plaintiff and the Rockland County Department of Social Services, which has a judgment lien on the Property.

(See Doc. #16-6).  Plaintiff moved to dismiss on December 30, 2021, arguing U.S. Bank lacked standing to foreclose, U.S. Bank did not comply with the notice requirements of the C.P.L.R., and the action was commenced in violation of C.P.L.R. § 205.  (State Doc. #23, at 139–47).[2] The state court denied the motion to dismiss (State Doc. #26), and plaintiff appealed.  (State Doc. #29).  Plaintiff filed an answer on February 22, 2022.  (State Doc. #30).  In his answer, plaintiff asserted a number of affirmative defenses and counterclaims, including that the Second Foreclosure Action is barred by the statute of limitations (id. ¶ 49) and was filed in violation of C.P.L.R. § 205 (id. ¶ 53), and that U.S. Bank fraudulently encumbered the Property.  (Id. at 11).

The Second Foreclosure Action, and the appeal, are still pending in the state court.

## DISCUSSION

I.   Standards of Review

   A.   Rule 12(b)(1)

A district court must dismiss an action pursuant to Rule 12(b)(1) "for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when the plaintiff lacks constitutional standing to bring the action."  Conn. Parents Union v. Russell-Tucker, 8 F.4th 167, 172 (2d Cir. 2021).[3]

When deciding a Rule 12(b)(1) motion, the Court may consider materials outside the pleadings but shall not "draw inferences from the complaint favorable to plaintiffs."  J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004).  Even when a plaintiff is proceeding pro se, he "has the burden of proving by a preponderance of the evidence that such jurisdiction

_____

[2]    This Opinion and Order references filings in the Second Foreclosure Action by (State Doc. #__).

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

exists." <u>DeBoe v. Du Bois</u>, 503 F. App'x 85, 86 (2d Cir. 2012) (summary order).[4]  In other words, "[n]otwithstanding the liberal pleading standard afforded <u>pro se</u> litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." <u>Clarkes v. L. Offs. of Michael G. Hughes</u>, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).

B.      <u>Abstention</u>

The Court "ha[s] an independent obligation to consider the presence or absence of subject matter jurisdiction <u>sua sponte</u>." <u>Joseph v. Leavitt</u>, 465 F.3d 87, 89 (2d Cir. 2006); <u>accord</u> Fed. R. Civ. P. 12(h)(3).  This includes examining whether abstention is appropriate.  <u>See, e.g.</u>, <u>Wesco Ins. Co. v. Prime Prop. & Cas. Ins., Inc.</u>, 2022 WL 743436, at *3 (S.D.N.Y. Mar. 11, 2022).

That said, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." <u>Colo. River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976).  Only "exceptional circumstances" will "justify the surrender of that jurisdiction." <u>Leopard Marine & Trading, Ltd. v. Easy St. Ltd.</u>, 896 F.3d 174, 190 (2d Cir. 2018).

In determining whether abstention is appropriate at the pleadings stage, courts "may consider matters outside the pleadings." <u>First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.</u>, 862 F. Supp. 2d 170,181 n.11 (E.D.N.Y. 2012).

C.      <u>Rule 12(b)(6)</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

---

[4]      Plaintiff will be provided copies of all unpublished opinions cited in this decision.  <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In deciding a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  The Court may also consider any documents "integral to the complaint" when their import and authenticity are not disputed.  Id.  A document is considered "integral to the complaint" when "the complaint relies heavily upon its terms and effect."  Id.

When considering if subject-matter jurisdiction exists or when deciding a motion to dismiss for failure to state a claim, the Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (subject-matter jurisdiction); Felder v. U.S. Tennis Ass'n, 27 F.4th 834, 841 (2d Cir. 2022) (failure to state a

6

claim).  "Even in a <u>pro se</u> case, however, . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  <u>Chavis v. Chappius</u>, 618 F.3d

162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not

pleaded.  <u>Id</u>.

In addition, in either posture, the Court may consider materials subject to judicial notice,

including court filings in other litigation, not for the "truth of their contents" but for the fact that

those filings were made and that other litigation exists.  <u>See</u> <u>Staehr v. Hartford Fin. Servs. Grp.,</u>

<u>Inc.</u>, 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases).

II.    <u>Motion to Dismiss for Lack of Standing</u>

Defendants contend the Second, Fourth, Fifth, Sixth, and Ninth Causes of Action must be

dismissed because plaintiff lacks standing to assert them.

The Court agrees with respect to the Second, Fourth, and Ninth Causes of Action only.

A plaintiff must demonstrate "both constitutional and prudential standing to proceed on a

complaint."  <u>Levin v. Am. Document Servs., LLC</u>, 828 F. App'x 788, 791 (2d Cir. 2020)

(summary order).

To demonstrate prudential standing, a plaintiff must allege he seeks to "assert his own

legal rights and interests," not "the legal rights or interests of third parties."  <u>Levin v. Am.</u>

<u>Document Servs., LLC</u>, 828 F. App'x at 791 (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 499

(1975)).

Here, plaintiff has not demonstrated prudential standing to assert the Second, Fourth, or

Ninth Causes of Action.  In keeping with the rule that a plaintiff has prudential standing to assert

only his own legal rights, not the rights of others, a mortgagor (like plaintiff in this case) lacks

prudential standing to challenge the transfer of a mortgage allegedly made in violation of state

law or in breach of a contract to which the mortgagor is not a party or beneficiary.  See Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 86–90 (2d Cir. 2014).  Plaintiff's Second, Fourth, and Ninth Causes of Action are challenges to defendants' acquisition or transfer of plaintiff's mortgage, which plaintiff alleges were accomplished in violation of state law, MERS's internal procedures, and federal bankruptcy law.  (Compl. ¶¶ 27, 31, 43–46; Doc. #21 ("Pl. Opp."), at 10).  Plaintiff does not allege he was a party or beneficiary to these transactions.  Thus, plaintiff lacks prudential standing to assert these claims.  See, e.g., Levin v. Am. Document Servs., LLC, 828 F. App'x at 781.

Plaintiff does, however, have standing to assert the Fifth and Sixth Causes of Action, which, liberally construed, are claims to quiet title to the Property.  "[A]ny person having an estate or interest in" real property has standing to assert a quiet title claim.  N.Y. R.P.A.P.L. § 1501(4).  U.S. Bank's first foreclosure proceeding was unsuccessful, and the Second Foreclosure Action, commenced December 3, 2021, is ongoing.  Thus, plaintiff's interest in the Property has not been extinguished and he still has standing to assert quiet title claims.

Accordingly, only plaintiff's Second, Fourth, and Ninth Causes of Action must be dismissed for lack of standing.

III.   Abstention

The Court sua sponte concludes it must abstain from adjudicating plaintiff's Third, Fifth, Sixth, Seventh, and Eighth Causes of Action pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

A.   Legal Standard

The Colorado River doctrine provides that "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of

litigation and abstention would conserve judicial resources." <u>Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.</u>, 673 F.3d 84, 100 (2d Cir. 2012).

For a federal court to abstain under <u>Colorado River</u>, the federal and state actions must be "parallel," meaning they must involve substantially the same parties and issues.  <u>See</u> <u>Dittmer v. County of Suffolk</u>, 146 F.3d 113, 118 (2d Cir. 1998).

If the two actions are parallel, the federal court must then consider each of the following six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

<u>Woodford v. Cmty. Action Agency of Greene Cnty., Inc.</u>, 239 F.3d 517, 522 (2d Cir. 2001). When "a <u>Colorado River</u> factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it." <u>Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.</u>, 673 F.3d at 101.  However, abstention may be appropriate even when not all <u>Colorado River</u> favors favor abstention.  <u>See, e.g.</u>, <u>U.S. Bank Nat'l Ass'n v. E. Fordham DE LLC</u>, 804 F. App'x 106, 107–08 (2d Cir. 2020) (summary order).

The first factor, whether the dispute involves a <u>res</u> over which either court has assumed jurisdiction, is dispositive when both proceedings are <u>in rem</u> and require the courts to take custody of the same <u>res</u>.  <u>See</u> <u>F.D.I.C. v. Four Star Holding Co.</u>, 178 F.3d 97, 101–02 (2d Cir. 1999).  For example, abstention is mandatory when both the federal and state proceedings are <u>in rem</u> proceedings against the same property and the state proceeding was commenced first.  <u>Cf.</u> <u>Princess Lida of Thurn & Taxis v. Thompson</u>, 305 U.S. 456, 466 (1939).  Although this factor is

not dispositive when the federal action is <u>in personam</u> and the parallel state action is <u>in rem</u>, in such cases, this factor still "strongly favors abstention." <u>Roy v. Bank of N.Y. Mellon</u>, 2018 WL 4771898, at *5 (E.D.N.Y. Sept. 30, 2018).

The second factor, whether the federal forum is less inconvenient than the state forum, "militates against abstention" when "the fora appear to be equally convenient." <u>Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.</u>, 673 F.3d at 101.

With respect to the third factor, whether piecemeal litigation should be avoided, abstention is warranted when parallel lawsuits "pose[ ] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." <u>Woodford v. Cmty. Action Agency of Greene Cnty., Inc.</u>, 239 F.3d at 524. "The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." <u>Id</u>. In addition, when analyzing this factor, courts may consider whether "[m]aintaining virtually identical suits in two forums . . . would waste judicial resources and invite duplicative effort." <u>Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York</u>, 762 F.2d 205, 211 (2d Cir. 1985).

When evaluating the fourth factor, the order in which the actions were filed, the Court must also "carefully examine[ ]" "the relative progress of the federal and state proceedings." <u>De Cisneros v. Younger</u>, 871 F.2d 305, 308 (2d Cir. 1989). For example, this factor weighs against abstention when the state action was commenced first but "has consisted of little more than the filing of the complaint." <u>Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.</u>, 800 F.2d 325, 328 (2d Cir. 1986).

The fifth factor, whether federal or state law governs the dispute, turns on whether the federal action involves federal claims that a federal court should not abstain from adjudicating,

not whether the suit involves state claims that the state court is better suited to hear.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25–26 (1983).  "[T]he presence of federal issues weighs heavily against" abstention.  All. of Am. Insurers v. Cuomo, 854 F.2d 591, 603 (2d Cir. 1988).

The sixth factor similarly relates to whether abstention is inappropriate rather than appropriate.  "[A]n important reason" for a federal court not to abstain from the exercise of its jurisdiction "is the probable inadequacy of the state-court proceeding to protect" a party's rights.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 26.  For example, in Richard Feiner & Co. v. PolyGram Corp., a district court declined to stay a copyright infringement case in favor of a parallel state action because the state court lacked jurisdiction to adjudicate a federal copyright claim and the claims in the parallel state action were not asserted against "a potentially necessary party."  610 F. Supp. 250, 252 (S.D.N.Y. 1985).

"[W]hether to abstain on Colorado River grounds is committed to the district court's discretion."  Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d at 523.  District courts possess "greater discretion in declaratory judgment actions" to abstain pursuant to Colorado River.  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

B.    Application

Here, the Court dismisses plaintiff's Third, Fifth, Sixth, Seventh, and Eighth Causes of Action pursuant to Colorado River.

As an initial matter, this action and the Second Foreclosure Action are parallel.  The principal parties are the same:  the plaintiff here is the defendant in the state action, and U.S. Bank, one of the defendants in this case, is the plaintiff in the state action.  The issues are also the same:  both actions turn on the validity of U.S. Bank's interest in the Property and the

propriety of U.S. Bank's commencement of the Second Foreclosure Action.  Thus, the actions are parallel.  See, e.g., Windward Bora, LLC v. Bank of N.Y. Mellon, 2020 WL 7042761, at *3–4 (E.D.N.Y. Nov. 11, 2020) (federal quiet title and state foreclosure actions parallel under Colorado River).

To determine whether abstention is appropriate, the Court considers these claims in two groups:  the Third, Fifth, and Sixth Causes of Action; and the Seventh and Eighth Causes of Action.

Liberally construed, the Third, Fifth, and Sixth Causes of Action are claims to quiet title to the Property.  A plaintiff may bring a quiet title claim "against potential clouds on title," which may include an "invalid or inoperative" mortgage.  Barberan v. Nationpoint, 706 F. Supp. 2d 408, 418–19 (S.D.N.Y. 2010).

Liberally construed, plaintiff's Seventh and Eighth Causes of Action are claims for a declaratory judgment that the Second Foreclosure Action was commenced in violation of C.P.L.R. § 205, and is barred by the statute of limitations.

1.    Quiet Title Claims (Third, Fifth, and Sixth Causes of Action)

The Court finds Colorado River abstention is warranted with respect to plaintiff's quiet title claims.

The first factor, whether one court has assumed jurisdiction over a res, weighs heavily in favor of abstention.  Both actions center on the same res—the Property—and the Second Foreclosure Action is an in rem foreclosure proceeding, which means the state court has assumed jurisdiction over the Property.  Cf. F.D.I.C. v. Four Star Holding Co., 178 F.3d at 102.  Although the instant action is in personam, this factor "strongly favors abstention."  Roy v. Bank of N.Y. Mellon, 2018 WL 4771898, at *5.

The second factor, whether the federal forum is less inconvenient than the state forum, is neutral and thus weighs against abstention. The Rockland County courthouse is slightly closer to plaintiff and the Property than the federal courthouse in White Plains. But this Court is not meaningfully less convenient for the parties than the state court and thus this factor weighs against abstention. Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d at 101.

The third factor, whether piecemeal litigation should be avoided, is neutral and thus also weighs against abstention. Plaintiff's quiet title claims here arise from substantially the same legal theories as those he asserts in defense of the Second Foreclosure Action—that U.S. Bank does not have a legally cognizable interest in the Property because it does not validly hold the mortgage note and instead acquired it through some fraudulent or illegal means. But because plaintiff and U.S. Bank are parties to both this case and the Second Foreclosure Action, there appears to be no risk a decision on the merits in either forum would not be binding in the other.

The fourth factor, the order in which the actions were filed, weighs slightly in favor of abstention. Although the instant action was commenced before the Second Foreclosure Action, the Second Foreclosure Action has progressed further. This action has not progressed past the pleadings stage, and no scheduling order has been entered. In contrast, in the Second Foreclosure Action, plaintiff's motion to dismiss was already denied, he filed an answer with counterclaims, and U.S. Bank responded to those counterclaims. Because the Second Foreclosure Action has progressed slightly further than this case, this factor weighs slightly in favor of abstention.

The fifth and sixth factors, whether federal or state law governs the dispute and whether the state procedures are adequate to protect the plaintiff's federal rights, respectively, are neutral.

The quiet title claims are state-law claims, not federal claims, and do not implicate any federal rights that the state court cannot adequately protect.  In addition, New York State's specialized procedures in residential foreclosure actions are, in many respects, more protective of homeowners like plaintiff than the procedures in federal court.  The Court observes that plaintiff has already prevailed once in state court on these same questions.

There is a strong presumption that the Court must exercise the jurisdiction granted to it by Congress.  Colo. River Water Conservation Dist. v. United States, 424 U.S. at 817.  But here, because the state court has already assumed exclusive jurisdiction over the Property and because the Second Foreclosure Action has progressed further, the Court concludes abstention is appropriate.

Accordingly, plaintiff's Third, Fifth, and Sixth Causes of Action must be dismissed.

       2.      Declaratory Judgment Claims (Seventh and Eighth Causes of Action)

The Court also finds Colorado River abstention is warranted with respect to plaintiff's declaratory judgment claims.

As an initial matter, the Court has "greater discretion" to abstain from adjudicating declaratory judgment claims.  Wilton v. Seven Falls Co., 515 U.S. at 286.

Further, the Colorado River analysis with respect to these claims is substantially the same as the analysis with respect to the quiet title claims as set forth above.  But here, the third Colorado River factor—whether piecemeal litigation should be avoided—weighs heavily in favor of abstention.

In considering the third Colorado River factor, the Court may examine whether "[m]aintaining virtually identical suits in two forums . . . would waste judicial resources and invite duplicative effort."  Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d at

14

211.  Plaintiff's declaratory judgment claims are identical to arguments he raised in the state

court in his motion to dismiss and in his answer, and which are pending before the Appellate

Division, Second Department.  It would "waste judicial resources and invite duplicative effort"

for this Court to address these exact claims when the state courts are already addressing them.

Accordingly, plaintiff's Seventh and Eighth Causes of Action must be dismissed.

IV.    Motion to Dismiss for Failure to State a Claim

A.    Fair Credit Reporting Act Claims

Defendants contend the FCRA claims as stated in plaintiff's First Cause of Action must

be dismissed because plaintiff fails to state a claim upon which relief may be granted.

The Court agrees, but for reasons different than those articulated by defendants.

FCRA "regulates the consumer reporting agencies that compile and disseminate personal

information about consumers."  TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2200 (2021).  To

that end, FCRA "imposes several duties on those who furnish information to consumer reporting

agencies."  Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012).

The duties imposed by FCRA on so-called "furnishers" fall into two categories.  First,

FCRA requires furnishers "to refrain from knowingly reporting inaccurate information and to

correct any information they later discover to be inaccurate."  Longman v. Wachovia Bank,

N.A., 702 F.3d at 150.  Any breach of this duty is "enforced exclusively" by federal and state

authorities.  Id. at 151.

Second, FCRA imposes duties on furnishers who "receiv[e] notice" of disputed consumer

credit information from a consumer reporting agency.  Sprague v. Salisbury Bank & Tr. Co., 969

F.3d 95, 99 (2d Cir. 2020) (per curiam).  Specifically, a furnisher must "conduct an

investigation," "review all relevant information," and "report the results of the investigation to

15

the consumer reporting agency."  15 U.S.C. § 1681s-2(b)(1).  FCRA provides for a private cause

of action for violations of these obligations, but the statute is only triggered when "notice" comes

directly from a consumer reporting agency.  Sprague v. Salisbury Bank & Tr. Co., 969 F.3d at

99.  In other words, FCRA "is not implicated simply because a consumer contacts a furnisher . . .

regarding inaccuracies in her credit report."  Id.

Here, plaintiff's opposition suggests he may have abandoned these claims.  (See Pl. Opp.

at 6 ("Plaintiff may forego Cause of Action 1 . . .")).  That said, these claims also fail on the

merits.

Liberally construed, plaintiff alleges defendants furnished inaccurate information to

consumer reporting agencies and failed to correct that inaccurate information even "after being

advised" it was inaccurate.  (See Compl. ¶ 25).

To the extent plaintiff attempts to assert claims based on defendants' furnishing of

allegedly inaccurate information to consumer reporting agencies, these claims must be dismissed

because only federal or state authorities may bring such claims.  Longman v. Wachovia Bank,

N.A., 702 F.3d at 151.

To the extent plaintiff attempts to assert claims based on defendants' alleged failure to

conduct an adequate investigation after being informed of disputed credit information, plaintiff

does not allege defendants received notice from a consumer reporting agency; instead, plaintiff's

complaint suggests he informed defendants the information was inaccurate.  Thus, these claims

must be dismissed.  Sprague v. Salisbury Bank & Tr. Co., 969 F.3d at 100.

Accordingly, plaintiff's First Cause of Action must be dismissed.

B.      Emotional Distress Claims

In his Tenth Cause of Action, plaintiff asserts defendants' conduct "constitute[s] the negligent infliction of emotional distress" and "intentional infliction of emotional distress upon Plaintiff under New York law." (Compl. ¶¶ 52–53).  However, in his opposition brief, plaintiff states he "has not asserted a cause of action for [a] monetary award for emotional distress." (Pl. Opp. at 6).  Thus, plaintiff's claims for negligent and intentional infliction of emotional distress are deemed withdrawn.

Accordingly, plaintiff's Tenth Cause of Action must be dismissed.

C.      Attorneys' Fees Claim

Defendants contend plaintiff, in his Eleventh Cause of Action, has not stated a claim for attorney's fees arising from U.S. Bank's first foreclosure proceeding.

The Court agrees, but for reasons different than those articulated by defendants.

Plaintiff seeks an award of attorney's fees pursuant to C.P.L.R. § 8303-a or 22 N.Y.C.R.R. § 130-1.1, but "New York does not recognize an independent cause of action for the imposition of sanctions under either" authority.  Cerciello v. Admiral Ins. Brokerage Corp., 90 A.D.3d 967, 968 (2d Dep't 2011).

Moreover, to the extent plaintiff attempts to assert a tort claim for abuse of process, he has not stated a claim upon which relief can be granted.  Under New York law, "[a]buse of process has three essential elements:  (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984).  The commencement "of a civil action by summons and complaint is not legally considered process capable of being abused." Id.  Instead, a plaintiff must allege "the improper use of process after

it is issued."  Id.  Here, plaintiff alleges U.S. Bank "commenced a fraudulent foreclosure action" (Compl. ¶ 55), but the commencement of an action alone is insufficient to state an abuse of process claim.

Accordingly, plaintiff's Eleventh Cause of Action must be dismissed.

V.      Leave to Amend

Defendant contends plaintiff should be denied leave to file an amended complaint.

The Court agrees, but again for reasons different than those articulated by defendants.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  However, leave to amend may be denied when amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  "A pro se complaint . . . should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009).

Here, even a liberal reading of plaintiff's complaint does not suggest valid claims might be stated if he were permitted to amend.  Plaintiff does not have standing to challenge the transactions among defendants with respect to his mortgage.  The Court will still abstain from adjudicating claims already being litigated in the Second Foreclosure Proceeding even if plaintiff is given an opportunity to replead them.  And to the extent plaintiff has not withdrawn his remaining claims, they also will not be cured by better pleading.  See, e.g., Shomo v. City of New York, 579 F.3d at 184.

Accordingly, even though plaintiff is pro se, leave to amend must be denied.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #14) and close this case.

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the

docket.

Dated: September 2, 2022
      White Plains, NY

                SO ORDERED:

                _____

                Vincent L. Briccetti
                United States District Judge